UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.

Kyle Wagner,

       Defendant.

Case No. 26-CR-20059

Hon. Denise Page Hood

---

**Stipulation and Order to Continue and Set Motion Cut-off, Plea Cut-off, Final Pretrial Conference, and Trial, and to Find Excludable Delay**

---

The parties stipulate and agree to the following:

1.      On February 3, 2026, a complaint against Defendant Kyle Wagner was sworn out by Magistrate Judge Grand in the Eastern District of Michigan.

2.      On February 5, 2026, Defendant Kyle Wagner was arrested, made his initial appearance in the District of Minnesota, and was ordered detained.

3.      On February 11, 2026, a grand jury indicted Wagner on one count of cyberstalking under 18 U.S.C. § 2261A(2) and one count of threats in interstate communications under 18 U.S.C. § 875(c).

4.      On February 26, 2026, Wagner was arraigned.

5.      On March 6, 2026, Wagner filed a motion appealing the denial of bond.

6. After receiving the parties' briefs, the Court heard argument on the motion on March 24 and March 25.

7. On March 25, the Court granted Wagner's motion and released him.

8. The parties now stipulate to continue the motion cutoff, pretrial conference/plea hearing, and trial date for approximately 90 days.

9. The parties further stipulate and jointly move for the Court to find that the time period between the date the stipulation and order are entered, and the new trial date qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

10. The government finalized its first discovery production to Wagner on March 25. That production was relatively voluminous. In addition to numerous videos, screenshots, social media posts, and documents, the government provided defense counsel forensic images of Wagner's cell phone. Wagner's cell phone alone included nearly 100 GB of data. The government is also communicating with Wagner about discovery file access.

11. The parties agree that such an adjournment serves the ends of justice and outweighs the best interest of the public and Defendant in a speedy trial because Wagner and his counsel need more time to review and discuss discovery,

2

investigate the case and prepare for trial, and pursue plea negotiations in this matter.

12.     Failure to grant this continuance would unreasonably deny Wagner and his counsel the time necessary for effective preparation, considering the exercise of due diligence.

13.     The parties therefore request that the Court grant a continuance of the pretrial and trial dates for approximately 90 days, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

JEROME F. GORGON JR.,
United States Attorney

| | |
|---|---|
| *s/Frankie Dame* | *s/Jean Pierre Nogues, III (with consent)* |
| Frankie Dame | Jean Pierre Nogues, III |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 613 Abbott St., Suite 500 |
| Detroit, MI 48226 | Detroit, MI 48226-2582 |
| (313) 226-9526 | (313) 967-5542 |
| Frank.Dame@usdoj.gov | Jean_Nogues@fd.org |

Dated: March 31, 2026

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,                            Case No. 26-CR-20059

v.                                     Hon. Denise Page Hood

Kyle Wagner,

       Defendant.

---

**Order to Continue and Set the Motion Cut-off, the Plea Cut-off,
the Final Pretrial Conference and Trial and Finding Excludable Delay**

---

The Court has considered the parties' stipulation and joint motion to continue this matter to: (1) adjourn pretrial and trial dates by approximately 90 days; and (2) for a finding that the time period from the date this stipulation and order is entered, to the new trial date qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from the date of this order, to the new trial date qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- The government has already produced significant discovery, and it will

continue to comply with its discovery obligation. The defense needs additional time to evaluate the evidence and determine whether a pretrial resolution is appropriate in this case or to prepare for trial.

- As a result, failure to grant this continuance would unreasonably deny the defendant and his counsel the time necessary for effective preparation, considering the exercise of due diligence.

IT IS THEREFORE ORDERED:

The dates in this matter are as follows:

- Motion Cut-off is set for May 15, 2026;

- Plea Cutoff/Final Pretrial Conference is set for July 7, 2026 at 2:30 p.m.;

- Jury Trial is set for July 28, 2026 at 9:30 a.m.

IT IS FURTHER ORDERED:

The time from the date of April 7, 2026 to the new trial date of July 28, 2026, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

s/Denise Page Hood
Hon. Denise P. Hood
Entered: April 2, 2026          United States District Judge

2