UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                      Case No. 26-20059

        v.                            Hon. Denise Page Hood

Kyle Wagner,

            Defendant.

**UNITED STATES' NOTICE OF INTENT
TO OFFER EVIDENCE PURSUANT TO
<u>FEDERAL RULES OF EVIDENCE 803(6), 902(11), and 902(14)</u>**

The United States of America, by and through undersigned counsel, hereby notifies the defendant of the government's intent to introduce the following evidence as self-authenticating.

**A. Business Records Under FRE 902(11)**

The government intends to introduce records from the following entities as exceptions to the rule against hearsay, and as self-authenticating documents under Federal Rules of Evidence 803(6) and 902(11):

- Records for Instagram account kaos.follows;

- Records for Instagram account antifa.kaos;

- Records for Facebook account Luhv.Kaos;

1

Rule 803(6) provides that the following is not excluded by the hearsay rule:

> (6) **Records of Regularly Conducted Activity**. A record of an act, event, condition, opinion, or diagnosis if:
>
> (A)  the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B)  the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C)  making the record was a regular practice of that activity;
> (D)  all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E)  neither the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness.

In this matter, as authorized by Rule 803(6), the government has established the authenticity of the records in question, as well as their admissibility under Rule 803(6), through certifications obtained from the custodians of records, as contemplated in Rule 803(6).  Rule 803(6) also references Rule 902(11), which provides for the authenticity of the following:

> (11) **Certified Domestic Records of Regularly Conducted Activity**.—The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

The government intends to introduce the records listed above by affidavit or declaration under Rules 803(6) and 902(11) of the Federal Rules of Evidence and

without the calling of a live witness. The records are admissible based on the

business records certification prepared by the custodian of record. These

certifications have been provided to the defense as part of discovery.

## B.  Data Authenticated By A Process Of Digital Identification Under FRE 902(14)

The government notifies the defendant of its intent to introduce data copied

from an electronic device, storage medium, or file as authenticated by a process of

digital identification, by affidavit or declaration under 902(11) and 902(14) of the

Federal Rules of Evidence and without the calling of a live witness. Specifically,

the government will seek to admit records from a cellular phone that was imaged,

and from which data was extracted, by a law enforcement agent from Department

of Homeland Security, Homeland Security Investigations.

Federal Rule of Evidence 902(14) provides that data copied from an

electronic device, storage medium, or file, if authenticated by a process of digital

identification, as shown by the certification of a qualified person that complies

with the requirements of 902(11) or (12), are self-authenticating. *See United States

v. Dunnican*, 961 F.3d 859, 872 (6th Cir. 2020) (affirming district court's decision

to admit text message evidence extracted from the defendant's phone where the

prosecutor filed a notice of intent to use a certification method signed by a

government agent who performed the digital extraction consistent with Rule

902(14)); *United States v. Anderson,* No. 19-CR-20732, 563 F. Supp. 3d 691, 695

(E.D. Mich. Sept. 27, 2021) (Drain, J.).

Pursuant to these rules, the government intends to introduce at trial files

obtained from the extraction report for a cellular phone seized from the defendant.

The extraction report for the defendant's phone has been made available to the

defense. The extraction report is admissible based on the certificate of authenticity

that has been prepared by the law enforcement agent who produced the extraction

report.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

*s/ Eaton P. Brown*
Eaton P. Brown
Zachary A. Zurek
Assistant United States Attorneys
211 W. Fort St., Suite 2001
Detroit, MI  48226
(313) 226-9184
Eaton.Brown@usdoj.gov

Dated: June 15, 2026

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 15, 2026, I electronically filed this motion for the United States with the Clerk of the United States District Court for the Eastern District of Michigan using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Eaton P. Brown*
Eaton P. Brown
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9184
Eaton.Brown@usdoj.gov