UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

Case No. 26-CR-20059

v.

Hon. Denise Page Hood

Kyle Wagner,

Defendant.
_______________________________/

**MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTIONS TO DISMISS, TO SUPPRESS, AND FOR A BILL OF PARTICULARS [ECF NOS. 46, 47, 50, AND 51]**

The government, through its attorneys, moves this Court to extend its response deadline to ECF Nos. 46, 47, 50, and 51.

1. When Defendant Kyle Wagner let the government know a few weeks ago that he intended to file several dispositive motions before the motion cutoff date, the government told Defendant that it would likely seek an enlargement of the time. On Thursday, November 19, the government asked for Defendant Kyle Wagner's concurrence in this motion through a phone call and voicemail. The government again called yesterday, November 23, and left another voicemail. Those phone calls have not been returned. *See* E.D. Mich. LR 7.1(a)(2)(B).

2. On November 16, 2026, Defendant filed several motions: a Motion for a Bill of Particulars [ECF No. 46], a Motion to Dismiss the Indictment on First

Amendment Grounds [ECF No. 47], a Motion to Suppress [ECF No. 50], and a Motion to Dismiss the Indictment for Selective Prosecution and for Grand Jury Materials [ECF No. 51].

3. Under E.D. Mich. LR 7.1(e)(1)(A), the government's response to Defendant's Motion for a Bill of Particulars is due November 30. The government's responses to Defendant's other motions are due December 7.

4. The government requests that the Court extend the response deadline for all motions to December 28.

5. There is good cause to extend the response deadline. *See* Fed. R. Crim. P. 45(b)(1)(A).

a. The government generally has three weeks to respond to a single dispositive motion. Defendant has filed three of them. And these are not short, pro forma motions. Including the Motion for a Bill of Particulars, the government must respond to over 90 pages of briefing.

b. Nor do these motions involve routine, run-of-the-mill issues. While a bill of particulars isn't unheard of, it's rare; and motions to dismiss on First Amendment grounds and for selective prosecution are even rarer. These are complicated, thorny issues requiring serious time and work.

6. Defendant clearly put significant time and effort into his several motions, and the government should be able to do the same. The government is

already diligently working on its responses to these motions. But to adequately address and do justice to the breadth and depth of Defendant's arguments, the government will need more time.

7. Enlarging the time to respond from November 30 and December 7 to December 28 is a modest extension—especially given that Defendant has repeatedly asked (and the government has repeatedly agreed) to extend deadlines for months in this case. [*See* ECF Nos. 36, 41, and 44]. This slight enlargement of time will properly balance the Defendant's interests in timely resolving these motions and the government's and Court's interest in resolving them with full adversarial briefing.

8. The Court should grant the government's request under its broad and inherent authority to control its docket and under Federal Rule of Criminal Procedure 45(b)(1)(A).

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

*s/Frankie Dame*
Frankie Dame
Assistant United States Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
Frank.Dame@usdoj.gov

Dated: November 24, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel and parties authorized to receive electronically Notices of Electronic Filing.

*s/Frankie Dame*
Frankie Dame
Assistant United States Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
Frank.Dame@usdoj.gov